**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **TERRY LYNN KIMBALL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04CV103-DJS |
| | ) |
| **ST. LOUIS METROPOLITAN POLICE** | ) |
| **DEPARTMENT, P.O. KENNETH GLADNEY,** | ) |
| **P.O. CLAUDE CROCKER and METRO** | ) |
| **DUTY SERGEANT,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The remaining claim of plaintiff's complaint is that defendant St. Louis police officer Kenneth Gladney violated plaintiff's constitutional rights when on February 28, 2002 at police headquarters Officer Gladney struck plaintiff, knocking him out of his chair.[1] The matter is now before the Court on defendant Gladney's motion for summary judgment. For the following reasons, the motion must be denied.

Movant's arguments addressed to the events of plaintiff's arrest are misplaced. As the Court explained in its earlier summary judgment ruling in this case, and as plaintiff confirms in his response to the instant motion, plaintiff's claim arises from

---

[1]Claims against defendants St. Louis Metropolitan Police Department and "Metro Duty Sergeant" were dismissed on July 9, 2004 and October 14, 2004 respectively. Defendant Claude Crocker was granted summary judgment on April 26, 2005.

Gladney's alleged use of force while plaintiff was in custody at the police station, and not the events earlier outside Lucky's Bar. See Order of April 26, 2005 [Doc. #47], p.2. Movant's invocation of qualified immunity is also unavailing, and has also previously been rejected, the Court finding that defendant Gladney's alleged conduct may violate clearly established constitutional rights of which a reasonable officer would have known. Id. at 1-2.

Movant argues that plaintiff's injury was *de minimis* and therefore does not support an excessive force claim. "It remains an open question in this circuit whether an excessive force claim requires some minimum level of injury." Andrews v. Fuoss, 417 F.3d 813, 818 (8th Cir. 2005), *quoting* Hunter v. Namanny, 219 F.3d 825, 831 (8th Cir. 2000). Particularly with the law on the issue so unsettled, the Court is not persuaded that defendant demonstrates an entitlement to judgment as a matter of law. Although the Eighth Circuit has held that "a de minimis use of force or injury is insufficient to support a finding of a constitutional violation," they have generally done so in contexts, such as applying handcuffs, in which physical restraint of another person, and therefore the use of some force, is inherent in the law enforcement action being challenged. Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003). This case does not present such a context. Plaintiff claims that defendant Gladney struck plaintiff in the head with a telephone book after plaintiff stated he wanted

to telephone an attorney, knocking plaintiff out of a chair. As the circumstances are alleged by plaintiff, the circumstances did not require any use of force by Gladney at the time he struck and injured plaintiff.

Furthermore, the Court cannot find as a matter of law that plaintiff's claimed injuries are de minimis. Plaintiff was cut on the forehead and alleges that he has suffered chronic injuries as a result of the blow, including headaches and neck pain, which he has medical testimony to support. Such on-going injuries rise beyond de minimis, and constitute the "actual injury" the Eighth Circuit requires. Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005).

In his reply, movant suggests that plaintiff's allegations of mental distress are subject to dismissal because they are not supported by medical records, and that plaintiff is not qualified to testify as to the causation of his emotional distress. The case cited by movant in support of this proposition stands instead for the principle that a plaintiff's lack of medical evidence is fatal to his claim that he suffered nerve damage from overly tight handcuffs, which is a medical claim, not an emotional distress claim. Foster v. Metropolitan Airports Commission, 914 F.2d 1076, 1082 (8th Cir. 1990). The Court's research suggests that the Eighth Circuit, in cases governed by federal law, has repeatedly held that medical or other expert evidence is not required to prove emotional distress, and that a plaintiff's own

3

testimony can suffice to sustain the plaintiff's burden of proof on the issue. See, e.g., Webner v. Titan Distribution, Inc., 267 F.3d 828, 836 (8th Cir. 2001); Bailey v. Runyon, 220 F.3d 879, 881 (8th Cir. 2000); Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997).

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Gladney's motion for summary judgment [Doc. #80] is denied.

Dated this    17th    day of March, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE