**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY LYNN KIMBALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:04CV103-DJS |
| | ) | |
| **ST. LOUIS METROPOLITAN POLICE** | ) | |
| **DEPARTMENT, P.O. KENNETH GLADNEY,** | ) | |
| **P.O. CLAUDE CROCKER and METRO** | ) | |
| **DUTY SERGEANT,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

Remaining for trial in this action is plaintiff Terry Lynn Kimball's claim pursuant to 42 U.S.C. §1983 against Police Officer Kenneth Gladney, alleging that on February 28, 2002, in a booking area within the police department's Central Patrol Division, Officer Gladney struck plaintiff, knocking him out of his chair. Now before the Court are the parties' motions in limine, which have been fully briefed.

Defendant Gladney's motion in limine [Doc. #102] seeks the exclusion at trial of three subjects. Two of the three are not opposed by plaintiff, as he has no intention of making any references at trial to discipline, complaints or internal investigations of remaining defendant Officer Gladney other than concerning the allegations in this case, and plaintiff has no intention of making any references to discipline, complaints or

internal investigations of former Officer Crocker, Officer's Gladney's then-partner, who has been dismissed from this action.

The third subject matter of the motion is evidence concerning the Internal Affairs Division's ("IAD") investigation of plaintiff's allegations concerning Gladney in this case. Defendant's argument that such evidence is irrelevant is unpersuasive, and his fear of prejudice if the jury holds an inadequate investigation against him appears to be unfounded. Plaintiff does not seek to blame Officer Gladney for any inadequacies of the investigation, but contends that evidence of his complaint is relevant to the jury's determination whether the events occurred as plaintiff claims. Defendant having failed to articulate a basis for exclusion of the evidence, and evidence of plaintiff's related Internal Affairs complaint being probative of the claim at issue here, the Court will not exclude evidence pertaining to plaintiff's departmental complaint and the investigation thereof.

The Court's order of May 15, 2006 construed defendant Gladney's objections to plaintiff's witness list as a motion to strike witnesses Reggie Harris and Jerald Barnes [Doc. #121], who were the head of Internal Affairs and the investigating officer of plaintiff's IAD complaint. Defendant offers the same arguments in support of this motion as are offered, and rejected, with respect to the motion in limine just discussed. The motion to strike witnesses Harris and Barnes will be denied.

Plaintiff has filed a motion in limine to exclude evidence of his prior misdemeanor convictions [Doc. #114], deriving from two incidents in which plaintiff was convicted of misdemeanor assault or battery on police officers, one occurring before and one occurring after the incident at issue in this case. Apparently acknowledging that these misdemeanor convictions are not properly used for impeachment purposes under Fed.R.Evid. 609, defendant argues instead that they are relevant because plaintiff seeks emotional distress damages predicated on his alleged fear and mistrust of police officers. In reply, plaintiff states that he does not plan to seek emotional damages based on fear and mistrust of police officers, and that these police-related misdemeanor offenses would have no relevance to such a claim in any event.

Even if damages were not expressly sought on that basis, testimony that defendant has a fear and mistrust of police officers which he attributes to the alleged incident with Officer Gladney would, in the Court's view, makes his prior run-ins with other police officers relevant to challenge the attribution of causation to the Gladney incident. Defendant cites deposition testimony by plaintiff and another witness as to plaintiff's fear and mistrust of police officers as a result of the incident with Officer Gladney. If such testimony is offered at trial by plaintiff, the Court will allow evidence of the misdemeanor convictions here challenged by plaintiff. If plaintiff does not offer such testimony, the challenged misdemeanors would be excluded.

Next the Court considers plaintiff's motion in limine to exclude evidence of his employment records from Radio Shack Corporation and P.D. George Company and evidence of plaintiff's interactions with his fellow employees or the reasons for the termination of his employment from Radio Shack or P.D. George [Doc. #116]. To the extent defendant would urge the evidence's admissibility as relevant to damages, plaintiff represents that he does not seek damages based on lost wages. Plaintiff further argues that the challenged evidence would be improper extrinsic evidence on character issues, inadmissible under Fed.R.Evid. 608(b), which provides that specific instances of the conduct of a witness, for the purpose of attacking character for truthfulness, may not be proved by extrinsic evidence.

Plaintiff alleges, as set forth in his trial brief, that as a result of defendant Gladney's use of force, plaintiff continues four years later to suffer from chronic headaches, neck pain, limited neck mobility, difficulty sleeping and concentrating, and sensitivity to loud noises and bright lights. Plaintiff testified similarly in his deposition. Defendant argues that the evidence of plaintiff's employment shows that he worked full-time jobs involving stressful manual labor, that he regularly worked overtime, that his alleged symptoms did not cause plaintiff to miss work or interfere with his job duties, and that defendant quit his job at P.D. George because he was not getting as much overtime as he wanted. Defendant therefore contends that the evidence is

relevant and admissible concerning plaintiff's credibility and his claims about his injuries and damages, even if not for lost wages per se.

Plaintiff states in connection with this motion that he does not seek to exclude the fact or the nature of his employment. Nonetheless, in reply, plaintiff argues that defendant's argument fails to demonstrate that certain employment-related records -- such as plaintiff's credit report, his W-4, his resume -- are relevant and admissible. Because defendant's exhibit list identifies "employment and payroll records" from each employer as a group exhibit, the Court does not have adequate information to permit a comprehensive review of these exhibits in order to determine the admissibility of particular documents. Upon defendant's compliance with the Case Management Order requirement to submit copies of its exhibits to opposing counsel, plaintiff should know the specific content of Defendant's Exhibits E and F. At this point, the Court is not persuaded to categorically exclude employment-related evidence, as sought in plaintiff's motion in limine, which will be denied. Challenges to specific employment-related documents may be renewed as appropriate at trial.

Defendant moves to strike certain of plaintiff's listed exhibits [Doc. #127]. First, Exhibits 2, 3 and 4 are alleged to be copies, made by plaintiff, of photos taken of plaintiff by Lt. Jerald Barnes of the IAD. Defendant argues that the copies contain "more red ink" than the original photographs and thereby suggest

5

injuries that did not actually exist. Doc. #127, p.1. Defendant represents that it has the original photos which may be used at trial, as well as accurate enlargements. Plaintiff's response suggests that his actual Exhibits 2, 3 and 4 are photos defendant's counsel produced to plaintiff, and that in compliance with the case management order's requirements governing trial exhibits, plaintiff provided copies of those photos to defendant for examination. Apparently, although these copies are of poor quality, adequate originals exist and can be used at trial. The Court will therefore deny defendant's motion to strike plaintiff's Exhibits 2, 3 and 4.

Next defendant challenges plaintiff's Exhibit 8, listed as "IAD Computerized Card File." Describing the exhibit as a list of Internal Affairs charges and discipline against both defendant Gladney and Officer Crocker, defendant argues that the necessary redaction of all but plaintiff's Internal Affairs complaint in the instant matter would be unduly prejudicial as it would leave the jury to speculate about the "blacked-out" portions. Plaintiff argues in response that Exhibit 8 should be permitted in redacted form because, due to the department's document retention (and destruction) policy, it is one of few surviving documents regarding his IAD complaint. As several other exhibits listed by plaintiff, namely Exhibits 5, 6 and 7, likewise evidence the existence and investigation of plaintiff's IAD complaint, and plaintiff fails to articulate any purpose to be served by a redacted Exhibit 8 beyond mere support of the existence of plaintiff's IAD complaint, the

motion to strike will be provisionally[1] granted as to plaintiff's Exhibit 8.

Plaintiff has listed as his Exhibit 17 the police department's Records Retention Policy. Defendant Gladney argues that the policy is irrelevant, and that it is "undisputed" that IAD destroyed the file pursuant to the policy, but that defendant Gladney had no role in the formulation of the policy or its application to the file of plaintiff's IAD complaint. In response, plaintiff complains that defendant previously declined plaintiff's proposal to stipulate to similar facts. On this record, the Court will deny defendant's motion to strike Exhibit 17 but will order counsel immediately to confer and employ in good faith their best efforts to stipulate to all pertinent facts concerning the document retention policy so as to render moot the use of the policy at trial as Exhibit 17.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gladney's motion in limine [Doc. #102] is granted as to issues 1 and 2, and no

---

[1] Rulings in limine are always provisional, and can be later revisited if the trial evidence so warrants. The Court here rules without access to and review of Exhibit 8 itself, but based on the understanding that the document, as necessarily redacted, would offer minimal substantive content duplicative of other exhibits. The granting of the motion excluding the IAD Computerized Card File is therefore subject to reconsideration if the redacted document is shown to have other relevant and admissible content, and to have probative value outweighing the potential prejudice to defendant Gladney of the considerable redactions of the document which would be required.

references shall be made at trial to discipline, complaints or internal investigation of defendant Gladney or Officer Crocker other than relating to the incident at issue here. The motion is denied as to issue 3.

**IT IS FURTHER ORDERED** that defendant Gladney's objections to plaintiff's witness list, which have construed as a motion to strike witnesses Harris and Barnes [Doc. #121], is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine to exclude evidence of his prior misdemeanor convictions [Doc. #114]is granted in part and denied in part. If plaintiff offers testimony at trial of plaintiff's fear or mistrust of police officers as a result of the alleged incident with defendant Gladney, the Court will allow evidence of the misdemeanor convictions that are the subject of this motion.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine to exclude evidence of his employment records from Radio Shack Corporation and P.D. George Company [Doc. #116] is denied as overbroad.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's exhibits [Doc. #127] is granted in part with respect to Exhibit 8 and denied in part with respect to Exhibits 2, 3 and 4, and Exhibit 17.

**IT IS FURTHER ORDERED** that counsel shall immediately confer and employ in good faith their best efforts to stipulate to

8

all pertinent facts concerning the document retention policy so as to obviate the need for use of the policy at trial as Exhibit 17. Counsel shall promptly file a joint memorandum reporting their compliance with this order and the results of their efforts.

Dated this 14th day of July, 2006.

                                               /s/ Donald J. Stohr
                                               UNITED STATES DISTRICT JUDGE